Parker, C. J.,
delivered the opinion of the Court. In this case, by the facts reported, the plaintiffs have a right to recover, if they have proved a regular assignment of the note to them.
The assignment appears to have been made by Porter, the president of the old bank ; but as he had not, ex officio, the power to transfer their property or securities, his special authority to do it in this case must be proved by legal evidence. This authority could only emanate from the stockholders or company directly, or indirectly through the directors, to whom, by the by-laws, is committed the management of the affairs of the bank ; but in either case it must be proved by a vote of one or other of those bodies.
The copy of the vote of the stockholders, mentioned in the report of the case, would be sufficient evidence for this purpose, if it were properly authenticated. It is certified by David Vass, who is admitted to have been secretary of the company, and he certifies as such ; but a secretary of a banking company is not a certifying * officer; and, indeed, no such officer is created by the act of incorporation. The copy could therefore only be evidence, if sworn to. At the time of the trial it was not sworn to, and was therefore improperly admitted in evidence.
It has been attempted to overcome this difficulty by referring to a copy of another vote sworn to by the said Vass, by which vote he was appointed secretary of the meeting of the stockholders. This copy was properly admitted; but it proves nothing but the fact of the choice of the secretary, and does not in any degree affect the other copy, which was offered to show the authority to endorse; for Vass, as secretary, is not a certifying officer; and all copies certified by him must be sworn to. An extrajudicial affidavit would be sufficient to authenticate the paper, according to the English practice upon sworn copies.
It is understood that this objection is rather formal than substantial ; as it is said that the plaintiffs have now in possession a copy of the vote sworn to by Vass. But the state of things at the time *158 of the trial must govern our decision; and as there was then a defect of legal evidence to prove the title of the plaintiffs in the note declared on, the verdict must be set aside, and a new trial granted.
We are of opinion that an assignment of a note, for the purpose of paying a debt, no new obligation being created by the old bank, but, in fact, the extinguishment of an old one, does not come within the prohibition of the act which prohibits the issuing and circulating of securities.

Neiv trial granted.